UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS J. BARRETT, | ) | CASE NO. 4:20-cv-937 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| MICHAEL CARVAJAL, et al., | ) | |
| | ) | |
| RESPONDENTS. | ) | |

Petitioner Travis J. Barrett ("Barrett") is an inmate currently confined at the Federal Correctional Institution ("FCI") Elkton with a projected release date of October 27, 2023. *See* https://www.bop.gov/inmateloc/ (last visited 5-11-2020). Barrett has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking his immediate release from prison in light of circumstances surrounding the COVID-19 pandemic. (Doc. No. 1 ["Pet."].) He has also filed a "Motion for Preliminary Injunction and/or Protection Order[,]" (Doc. No. 2), and a "Motion for Release on Bail and Conditions Pending Decision on Habeas Corpus Decision for 'Exceptional Circumstances[.]'" (Doc. No. 3.)

This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In his petition, Barrett chronicles the events leading up to the arrival of the COVID-19 virus in the United States, and, in particular, the introduction of the virus into the federal prison system. (Pet. at 3-5.) He also details the conditions at FCI Elkton as they relate to the COVID-19 pandemic, and his personal efforts to bring attention to these conditions through the news media. (*Id*.) Barrett is critical of the efforts of the Bureau of Prisons ("BOP") and officials at FCI Elkton, both before and after the introduction of the COVID-19 virus into the federal prison population, to address the spread of the virus at FCI Elkton.

In support of his petition, Bronson states that "this Court and Circuit Judge Gwin [] determined that the inmates of FCI Elkton were affected by violations to their 8th Amendment constitutional right to be free from cruel and unusual punishment by 'deliberate indifference' due to the deteriorating conditions during the COVID-19 pandemic." (*Id*. at 1, capitalization omitted; *see also id*. at 5, ¶ 23, 8.) Barrett appears to refer to a class action filed by inmates at FCI Elton, though he has misstated the nature of the court's ruling. (*See Wilson v. Williams*, No. 4:20-cv-794.) On April 22, 2020, United States District Court Judge James Gwin issued a preliminary injunction requiring officials at FCI Elkton to identify all members of a subclass of medically vulnerable inmates and determine whether they are eligible for immediate release or parole, or relocation to another BOP facility. (*See* Case No. 4:20-cv-794, Doc. No. 22 at 371-72.) Judge Gwin did not make any final determination as to the constitutionality of the actions of staff at FCI Elkton, and Barrett does not even appear to have been identified as a member of the subclass entitled to preliminary injunctive relief. (*Id*., Doc. No. 35-1 [List of Inmates in Subclass].)

Given his belief that respondents have demonstrated their "'bias' and 'predetermination' [as to] how to handle the COVID-19 situation[,]" he anticipates that their response to Judge

2

Gwin's order and the current health crisis, will "only prove to be a continuation of the 8th Amendment violations[.]" (Pet. at 8.) This is of special concern for Barrett as he claims he "suffers from conditions that make him more [susceptible] to the effects of COVID[-19] including, but not limited to[:] multiple sclerosis, migraines, hypertension, hypoglycemia, a history of kidney stones, [and pancreatitis.]" (*Id*. at 5.) He further notes that he is a former smoker, who has recently begun experiencing "shortness of breath, headaches, fatigue, muscle aches and kidney pains." (*Id*. at 2, 5.) He also complains that, as of the date of his petition, he has been denied "fresh air" exercise for more than 45 days. (*Id*. at 9.)

Barrett represents that on April 3, 2020, he requested a compassionate release due to COVID-19. He explains that the request was a paper "copout" that "was not answered." (*Id*. at 4, ¶ 14.) According to Barrett, on April 20, 2020, he "submitted a second 'copout' to the warden requesting compassionate release. There has been no response." (*Id*., ¶ 20.) He also filed a motion for a compassionate release with a district court in the Northern District of Indiana on April 6, 2020. (*Id*., ¶ 15.) Barrett does not indicate whether a ruling was issued by the district court on his motion, nor does he otherwise explain the final disposition of that proceeding.

By the present habeas action, Barrett now seeks his "unconditional, immediate release from the physical confines of the BOP and [FCI] Elkton." (*Id*. at 11.) He explains that it is necessary for him to "immediately access the ability to independently evaluate physical and psychological concerns, administer appropriate diagnoses, and develop comprehensive plans for rehabilitation including therapies, and treatments addressing lung function, respiratory systems, cardiovascular mechanism, as well as address safety from anguish, anxiety and trauma outside the walls of the monster that inflicted the unnecessary pain and suffering." (*Id*. at 9; *see id*. at 11;

3

Doc. No. 3 at 31.)

The Court finds that it plainly appears from the face of the petition that the Court is without authority to grant Barrett his requested relief. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 491, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody ….")[1]; *see Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (noting that, "[i]n general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed"); 28 U.S.C. § 2241. Barrett maintains that he is seeking habeas relief "as a means of attacking the 'manner in which the conviction is executed' as well as 'attacking confinement which might be imposed in the future.'" (Pet. at 11.) But he is not suggesting that respondents are improperly executing the sentence imposed by the trial court. Instead of addressing the type of punishment he has received, Barrett's petition focuses on his assertions that the present conditions inside FCI Elkton have violated his rights under the Eighth Amendment and have, in his opinion, rendered his continued confinement "illegal." (*Id.* at 1, 11.)

Section 2241 is "reserved for challenges to the execution of a sentence, such as a computation of parole or sentencing credits, and may not be used to challenge the validity of a conviction or the conditions of confinement." *Velasco v. Lamanna*, 16 F. App'x 311, 314 (6th Cir. 2001) (citing *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979)); *see Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (Section "2241 is a vehicle not for

---

[1] The Sixth Circuit has explained that, "Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of the sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see Haque v. Warden*, 665 F. App'x 390, 393 (6th Cir. 2016) (same).

4

challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits"). "Constitutional claims that merely challenge the conditions of a person's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the habeas corpus] core[.]" *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004); *see Muhammad v. Close*, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004) (While "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action.") (internal citation omitted).[2]

Here, Barrett seeks relief on basis of the "deteriorating conditions [at FCI Elkton] during the COVID-19 pandemic." (Pet. at 1, 11.) Although he seeks relief in the form of immediate release from prison—which falls within the ambit of habeas corpus relief—the basis for this relief is clearly grounded in his conditions of confinement at FCI Elkton and the alleged resulting constitutional violations.[3] Because Barrett does not challenge the execution of his sentence, § 2241 is not the proper vehicle for his claims. *See, e.g., Bolden v. Ponce*, No. 2:20-cv-03870-JFW-MAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (dismissing for lack of jurisdiction § 2241 petition for immediate release due to COVID-19 circumstances).

---

[2] While Barrett does not appear to qualify as a member of the subclass entitled to immediate injunctive relief, as a current prisoner at FCI Elkton, Barrett would seem to fall within the general class identified in the complaint in the class action now pending in this judicial district. (*See* Case No. 4:20-cv-794, Doc. No. 1 ¶ 73 (defining the overall class as "a class of all current and future people in post-conviction custody at [FCI Elkton]"). He, therefore, already has a means by which to address his alleged constitutional violations.

[3] In this regard, the Court respectfully disagrees with the limited number of district courts that have permitted § 2241 petitions during the COVID-19 pandemic based solely on the fact that the inmate is seeking an immediate release from prison. *See, e.g., Camacho Lopez v. Lowe*, No. 3:20-07-2020, 2020 WL 1689874, at *8 (M.D. Pa. Apr. 9, 2020) ("When an order seeks immediate release from custody, the 'sole' remedy lies in a habeas petition."). Such a view ignores the purposes behind habeas corpus relief, as well as the existence of other statutes, such as 18 U.S.C. § 3582, that provide for immediate release in appropriate circumstances.

Given that Barrett contends that he must be released from prison to pursue private diagnosis and treatment for his medical symptoms (*see* Pet. at 11; *see also* Doc. No. 3 at 31), his petition could also be interpreted as a request for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See, e.g., Justice v. Sepanek*, No. 12-CV-74-HRW, 2013 WL 954115, at *4 (E.D. Ky. Mar. 11, 2013) (interpreting § 2241 petition seeking release in order to receive proper medical treatment as a request for compassionate release). But only the original sentencing court can entertain such a request. *See United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) ("Section 3582's text requires … motions [for compassionate release] to be addressed to the sentencing court, a point several Circuits have noted…."). It is evident from Barrett's petition that he has pursued a compassionate relief through the sentencing court. (Pet. at 4.) He may not now improperly invoke § 2241 to obtain a second bite of the apple from this Court.[4]

For all of these reasons, Barrett's habeas petition is dismissed for lack of jurisdiction. His motions for injunctive relief (Doc. No. 2) and for bail (Doc. No. 3) are denied as moot.

**IT IS SO ORDERED**.

Dated: May 14, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] Barrett also cannot use a § 2241 petition to enforce Judge Gwin's preliminary injunction ruling in Case No. 4:20-cv-794. Barrett offers his suspicion that BOP and FCI Elkton officials will respond to Judge Gwin's order by transferring inmates to other BOP facilities. He suggests that such a response will inadequately address the needs of prisoners. (Pet. at 8-9.) Any rights Barrett believes he has relative to the class action lawsuit must be pursued in that litigation.